IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FRANK ERVIN ALTIZER, JR.,

Petitioner,

v.                                                              Civil Action No. 3:19CV36

HAROLD CLARKE,

Respondent.

## MEMORANDUM OPINION

Frank Ervin Altizer, Jr., a Virginia inmate proceeding *pro se*, submitted this 28 U.S.C. § 2254 Petition (ECF No. 1). Altizer challenges his 1973 convictions for rape, abduction, and sodomy and life sentence in the Circuit Court for the City of Fredericksburg. This Court has previously denied a 28 U.S.C. § 2254 petition filed by Altizer challenging these convictions. *See Altizer v. Padrick*, 399 F. Supp. 918 (E. D. Va. 1975).[1] The matter is before the Court under preliminary review. *See Rules Governing § 2254 Cases in the U.S. District Courts*, Rule 4.

### I. Summary of Allegations

Altizer claims that his § 2254 Petition is not a successive, unauthorized, habeas petition and contends: "I am not challenging the judgment of conviction. I am challenging execution of sentence." ( 2254 Pet. 1.)[2] Whether that may be true or not, Altizer's claims clearly lacks merit. Altizer received two life sentences, plus an additional ten years of incarceration. (*Id.*) Altizer contends that because the "Code of Virginia had established the reasonable expectation of

---

[1] Altizer filed the habeas corpus petition as one pursuant to 28 U.S.C. § 2241; however, the Court reviewed it under 28 U.S.C. § 2254. *See Altizer*, 399 F. Supp. at 919.

[2] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations from Altizer's submissions.

juristic life of every . . . human being to be 43 years, 1 month, from August 29, 1973," he has served longer than his life expectancy and should be released. (*Id.* at 7.) Altizer also seemingly argues that the Circuit Court erred in fashioning his two life sentences to mean his life as opposed to life expectancy.[3] As discussed below, these claims lack merit.

## II. Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that

---

[3] Altizer's three grounds are truly part and parcel of the same argument. Altizer also indicates that he raised each of these grounds before the Supreme Court of Virginia, which rejected them in an opinion dated June 21, 2018. (§ 2254 Pet. 5, 11–12.)

determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor,* 529 U.S. 362, 410 (2000)).

### III. Analysis

Altizer raised these arguments before the Supreme Court of Virginia, which rejected them as meritless:

> In his sole claim, petitioner contends he remains imprisoned past the expiration of his sentence because his two life sentences do not authorize his imprisonment for the entirety of his "natural life." Petitioners [sic] explain that, when his sentences were imposed, former Code § 8-263.1 codified a "Table of life expectancy" that hypothesized the number of years into the future a person might live based on their current age and sex ("Expectancy Table"). Petitioner calculates the Expectancy Table predicted he would live for approximately forty-three additional years at the time he was sentenced in 1973 and argues that prediction capped the number of years he was required to serve pursuant to his life sentences. Thus, petitioner asserts, he should have been released in October 2016.
> 
> The Court holds petitioner's claim is without merit because former Code § 8-263.1 had no bearing on the duration of petitioner's life sentences or his proper release date. As Code § 8.01-419 does presently, former Code § 8-263.1 provided that
>> [w]henever in any case not otherwise specifically provided for, it is necessary to establish the expectancy of continued life of any person from any period of such person's life, . . . the following table shall be received in all courts and by all persons having power to determine litigation as evidence, with other evidence as to the health, constitution and habits of such person, of such expectancy represented by the figures in the following columns.
> 
> Accordingly, by its terms, former Code § 8-263.1 was irrelevant to petitioner's case because at no point was it "necessary to establish the expectancy of continued life of any person from any period of such person's life." Neither the trial court nor the jury needed to consider or make any finding regarding how long petitioner might live before choosing to sentence him to life imprisonment.

(§ 2254 Pet. 18-19 (alterations in original).) The Court discerns no unreasonable application of federal law and no unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).

The Circuit Court sentenced Altizer to two terms of life imprisonment plus ten years. "The end of [Altizer's] own life defines his sentence, not a determinate period of years or some abstract,

3

construct life." *Smith v. Johnson*, No. 7:08CV00514, 2008 WL 4960436, at *2 (W.D. Va. Nov. 19, 2008). Accordingly, Altizer's claims lack merit and will be DISMISSED.

## IV. Conclusion

The § 2254 Petition (ECF No. 1) will be DENIED. Altizer's claims and the action will be DISMISSED. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Altizer fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ M. Hannah Lauck
United States District Judge

Date: March 8, 2019
Richmond, Virginia

4